Good morning, Your Honors. I'm Gary Finn. Good morning. I represent the Petitioner Guillermo OLEA. Your Honors, in this case, there's no doubt my client has no relief available to him that will allow him to remain in the United States. He's going to have to leave this country. The question is, when he leaves, will he be subject to a lifetime bar upon ever returning to the United States? Despite the fact that he's got equities in this country, he's got children born in this country, he has an employer that's trying to petition for him so he can someday get a green card. But if he's found to have made a, or to have falsely represented himself to be a United States citizen, then he would be barred for life without a waiver from ever returning. I think we have those facts particularly in mind. And maybe what you could be most helpful in doing is, obviously from the standpoint in terms of the standards of review that we have at this particular level, tell me how, in a legal sense, because obviously there are, you know, in terms of certain credibility findings or certain factual findings as an evidence that we may have to give. Now, obviously your client has a lot of equities going for him. You know, I know from the record that, you know, he has, what, two citizen children, that he's paid taxes and, you know, that he doesn't have a criminal record. He's not necessarily ‑‑ I mean, there's some people that obviously come in here with murder convictions, you know, all sorts of, you know, have never done anything right. And he's obviously done a But, and if the IJ had given him relief, we wouldn't be here, right? But the IJ didn't, on the issue of, is he a ‑‑ he's, what the evidence basically says is that he's represented that he was a citizen, and then there are all the findings that go thereafter. Did he retract it or anything along those lines? You know, how, from your perspective, can this court find in your favor and still give the deference that's required by appellate standards? I understand, Your Honor. And I think the issue then would be, did my client make a timely retraction? When he came to the border on the day he was arrested at the border, he did initially say to the border inspector that he was a U.S. citizen. He said he was going to Chino, California, where he lives. And he also said that he had an employment authorization document. When he, initially he said he was a U.S. citizen. Then he said I have an employment authorization document. Obviously, that makes him an alien, because a U.S. citizen wouldn't have that kind of a document. He immediately retracted. Okay, but just to be clear, this is what he says, right? Correct. I mean, because the government side of the case isn't, so tell me that side of it, too. Well, there's a factual dispute, and I, but I think that the record is, I don't think any reasonable fact finder could conclude that my client didn't immediately say I have an employment authorization document. The government has argued that my client waited seven or eight hours before he admitted that he was not a U.S. citizen. What actually happened, Your Honor, is that he waited seven or eight hours before giving a sworn statement. And that is standard. I mean, that's what usually happens when a person is detained. A sworn statement isn't taken immediately. But as soon as he came to the border, the inspectors knew that he was not a U.S. citizen when he said that he had an employment authorization document. Later, the inspectors saw that document, and my argument is that him, my client, saying that he had an employment authorization document. One second. I think we just lost Judge Fletcher. We won't take this time against you, so don't worry about that. Okay. Can I press the button that stops the clock there? We'll deal with it. People don't always like our rulings, but we're pretty fair on time. Judge Fletcher? Yes. Okay. We lost you for a second, but I noticed immediately when it went down. Okay. So we're going to pick back up. All right. Go ahead. Thank you, Your Honor. Yeah, I believe I was saying that although the evidence is conflicting, the direct testimony in court from my client is uncontroverted. He said he had an employment authorization document, which I take to be an admission of alienage immediately after he initially said he was a U.S. citizen. Now, so from the government's, from their perspective on what the facts were, they, their side of it says that he immediately said that he had a work authorization? No. That's not the way I read the record. No. That's not the way the government views it, obviously. The government has documentation in the record where it's alleged that my client attempted to abscond. In a secondary? In a secondary inspection. But nobody came to court to testify to those facts. The document that states that my client absconded gives no details. It just says that he absconded. I mean, we don't know what he did, you know, and what the definition of absconded is that the officers were using. There's really no facts to back that up. It's just a bald, unsupported assertion. There was no testimony in court. My client's testimony in court was consistent, which was that he immediately said he was, he basically said he was an alien because he said, I have an employment authorization document. So that's what, that's what we believe. And we think that there was a timely retraction. And for that reason, there's no, there's no willful false misrepresentation. You know, I think that in this, in a case like this, where the, the, the consequences of a finding of a false, of a false statement or misrepresentation is so great that the statute should be construed very narrowly. Well, it, I would like to get to that result, but it seems to me in this situation that your client has the burden of proof here. Am I reading that wrong? I think he does, as he was arriving at the board. I just don't want to conflate burdens, or I don't want to, you know, from the standpoint, that's why I'm asking for, you know, give me the facts, tell me how, you know, from a principled standpoint that we can reach the results that you're asking us to reach. And I think when you say that it should be, that, you know, that's not what the law is from the standpoint. My understanding is that your client has the burden, I think, to show, and it's a fairly high burden, unfortunately, something like beyond a reasonable doubt, or... Correct, but he has to show clearly and beyond a reasonable doubt that he's admissible to the United States. But we're conceding he wasn't admissible. He didn't have a valid entry document. I think on the question of whether or not he made a false statement, the burden doesn't necessarily, shouldn't necessarily be that high. It's not a question of admissibility. It's a question of his being barred for life from ever returning without the possibility of a waiver. And there are some cases from the, even from the Board of Immigration Appeals that I cited, which strictly construe the misrepresentation statute and that ground of inadmissibility, precisely because of the grave consequences that flow from a finding of inadmissibility under that section of the law, which is a lifetime bar. And in the case of a person who falsely claims to be a U.S. citizen, that bar is permanent, and there's no waiver in the law for that offense. So when you take all those factors into consideration, and also the fact that my client was never warned of the consequences of claiming to be a U.S. citizen, the Court can find on the record that my client proved that he did not, well, he made a timely retraction. We don't dispute that he said initially, as I stated before, that he was a U.S. citizen, but he timely retracted that statement almost immediately. Would you like to save two minutes for rebuttal? Yes, Your Honor. Thank you very much. All right. Thank you. Who has the burden of proof in immigration matters? In terms of proving inadmissibility? What's that? Just before you answer the question, can you just state your name for the record? And then jump to that question. I'm sorry. I was talking on top of you again. Can you say that? My name is Sarah Maloney, and I'm representing the Respondent. All right. Now you can address Judge Ferguson's question. Thank you. The alien has the burden of proving that he is clearly and beyond doubt admissible to the United States. Just a simple answer. Who has the burden of proof before an immigration judge that the person who is appearing before the immigration judge is deportable? In this case, when an admissibility grant is charged. You mean cases are different? The Immigration and Nationality Act places the burden on different parties, depending upon what the removal charge is. Who has the burden of proving that a person coming into this country is removable? The government or the person has to prove that he is not removable. Removable is a broad term. It encompasses both the inadmissibility grounds and the deportation grounds. I can't. I can't. Removability is a broad term. It encompasses both the inadmissibility grounds and the deportation grounds under 212a and 240. And in this case, it's a 212a case. And the alien bears the burden of proof. And that can be found in Section 240 and Section 291 of the Immigration and Nationality Act. It places the burden on the alien. This is obviously a very harsh result. And also, I think that Appellant's counsel alluded to the fact that the agents didn't testify here at the hearing. Can you tell me from an evidentiary standpoint exactly, you know, what the evidence was and what from your perspective is, you know, why we should deny this petition? Well, the immigration judge's determination that the petitioner is inadmissible under 212a, 6c1, is not manifestly contrary to law because his findings of fact on this issue are supported by substantial evidence. The record contains reliable INS reports. And the reliability of those reports weren't objected to at the time of the merits hearing, nor was the immigration judge found them reliable, accepted them into evidence and made findings of fact in his decision. The petitioner didn't raise any issue of reliability or bringing in witnesses on appeal to the board. So he hasn't exhausted those administrative remedies with regard to whether he feels as though the reports are unreliable. Counsel, I believe the I.J. did not make an adverse credibility finding. Is that correct? No. He looked at the – that is correct. He looked at the totality of the evidence, and he drew reasonable inferences from all of the evidence presented. Are you familiar with the case, the BIA case, YG? Yes, I am. And what was the standard that they set forth in that case? In that case, the board determined that the petitioner, that the alien didn't willfully misrepresent a material fact, because upon his arrival at the inspection station, he produced both the fraudulent documents and simultaneously stated his real name, his true identity. Counsel, that was not my question. My question is what standard did they state in that case, in cases where the government is seeking permanent ban? Well, in this case, the alien wasn't charged with a false statement of U.S. citizenship. Can you tell me the standard? I'm not quite sure of what the standard the government – that the board uses in cases like that, because that doesn't apply here. There's no permanent bar to the petitioner in this case. He wasn't charged and found inadmissible under 212A.6c2 of the Act, which has no waiver. The inadmissibility ground in which he was charged and found removable under in this case has a waiver, and that can be found in section 212A.6c3. So the penalties in this case aren't as harsh as had he been charged and found inadmissible under the false statement of U.S. citizen portion of the Act. I thought that under the section that you were charging him that he would be permanently barred. No. That's inaccurate. And that was raised in the Petitioner's Opening Brief, and that's inaccurate. So what does happen then? Well, he's inadmissible, but if he qualifies for the other requirements of the waiver found in section 212A.6c3, he can apply for that waiver with the DHS. But what are the conditions for waiver there? Just one moment. The government in its discretion can grant a waiver under this subsection if the alien meets the other requirements. And it looks as though it's mostly visa-based, family-based visa requirements. Can you be more specific as to what he would have to show? Well, he would have to show most likely that he's eligible under section 1154A1A to be granted some sort of visa, and that would be through being married to a U.S. citizen or a legal permanent resident, or he may even be eligible based on his children, his U.S. citizen children. Let me quote to you what they said in YG. They said, We will closely scrutinize the factual basis for a possible finding of excludability under this provision since such a finding may perpetually bar the applicant from admission. This sounds like a higher standard than just substantial evidence, doesn't it? Well, that's the board's review, and that's how the board will has interpreted that section of the statute, and that's how it will review the immigration judge's finding of fact. But this Court still reviews those findings of fact under the substantial evidence standard. There's no contest that the Petitioner did falsely claim U.S. citizenship, deliberately, voluntarily, and falsely. The issue that the Petitioner raises is whether or not he timely retracted the statement. And the immigration judge reasonably found that he didn't. The record contains no evidence. Counsel, we have his testimony. Now, he couldn't possibly have had any other witnesses there. And he's stated it, and it's not been found incredible. And the government, through its great wisdom, didn't bring any person in to testify. There was no capacity for cross-examination. It seems to me that there is a serious concern in the government's position. I also wonder why the government wishes to press this particular issue. After all, he's removable. He's going to be removed. And this gives, unless he could somehow get a waiver, which seems very doubtful, he's banned from ever coming back to the United States, despite the fact that he'll have citizen children. He has an employer who is faithful to him. He's never done anything wrong as a person in the United States, except for this one false move of claiming U.S. citizenship. Well, the government believes that substantial evidence supports the immigration judge's decision. The petitioner didn't raise any argument as to the reliability of the INS reports, either at the merits hearing or on appeal to the board of the immigration judge's decision. Therefore, whether those INS reports are reliable really isn't at issue, and the Court doesn't have jurisdiction over that. The record does contain no evidence. What do you mean we don't have jurisdiction? Of course we've got jurisdiction. I'm not quite sure. Perhaps what I mean is that it's reasonable for the immigration judge to have relied on those reports to discount the petitioner's testimony that he immediately showed the primary inspector that he had a work authorization document. Furthermore, the petitioner's trustworthiness is at issue in this case. He admitted that he lied to California State authorities by claiming he was a Mexican citizen when he applied for his driver's license, and he also had a counterfeit Mexican birth certificate on him at the border. The so in terms of retraction as well, the immigration judge reasonably found that the petitioner didn't retract until eight hours later during the secondary inspection when he gave his sworn statement. All right. Your time is up. Thank you for your comments. It's true that under 8 U.S.C. 1182A6Ci there is a waiver available, but at this point my client wouldn't be eligible for it. Well, I guess the point is if you say it in your brief, then that wasn't exactly correct, right, that he was forever barred. Well, here's the problem. Well, I mean, but the thing is he wasn't statutorily forever barred. He you're assuming that he wouldn't get the waiver and Well, yes, that's true under the charge that was brought by the government. But as a practical matter, when my client someday if he tries to re-immigrate or immigrate to the United States lawfully, the fact that he was arrested one time and that a false statement was found will come up at his permanent residence interview and the government, as they should do, will explore that further and it will come out that an immigration judge found that he had falsely claimed U.S. citizenship and that will permanently bar him even if he wasn't charged under that section in these proceedings. And that's the problem. I think that a finding by a judge that comes all the way up to the Ninth Circuit and is affirmed will be used later by the government to keep my client from ever getting ever immigrating. So whether he was charged under that section or not. Well, I guess the point there is that what I'm hearing the government say, and I'm not hearing you disagree with that. I mean, these are difficult cases. So as judges, we rely on both of you to, you know, from this standpoint, to give us the best guidance that you can on those sections. And, of course, we do our own work. But, you know, I'm not saying that that's an intentional misrepresentation, but it sounds like in terms of the section, her representation on that is a little more legally accurate. You're assuming that at the end he's going to be permanently barred. Well, yes, because the finding that he falsely claimed U.S. citizenship, it may be an issue of race judicata that will hang around my client forever. It's an issue that's been decided. And even though he wasn't charged under that section, the finding that he falsely claimed U.S. citizenship could still harm him in the future. All right. Well, thank you. Your time has expired. Thank you, both of you, for your argument in this matter. This case will now stand submitted. Thank you.
judges: B. Fletcher, Ferguson, Callahan